### HENN, In Re, Estate of.

Ohio Appeals, 5th Dist., Knox Co.

No. 281. Decided Oct. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**APPEAL.**
(30G) No fixed and fast rule by which judge or lawyer is able to measure or can determine the exact constituent elements of a chancery case.

F. O. Levering, Mt. Vernon, for the motion.
W. J. Sperry, Mt. Vernon, contra.

HISTORY:—Action in Probate Court upon exceptions to account of executor. Appeal to Common Pleas. Appeal from Common Pleas to Court of Appeals. Heard on motion to dismiss appeal. Appeal dismissed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

This action originated in the Probate Court of Knox county, upon exceptions to the account of the executor of Edwin T. Henn, deceased, and was heard in the Probate Court. An appeal was taken from the finding and judgment of the Probate Court to the Common Pleas Court, where the cause was retried upon appeal. From the judgment of the Common Pleas Court the executor of the last will an dtestament of Edwin T. Henn, deceased, filed this action as an appeal from the judgment of the Court of Common Pleas.

The cause was heard in this court on a motion to dismiss the appeal upon the ground and for the reason that it was not and is not an appealable case.

**HOUCK, J.**

Under Section 6, Article 4, of the Constitution of Ohio, Courts of Appeal have appellate jurisdiction in the trial of chancery cases; hence the question here presented is as to whether or not this is a chancery case.

Our reviewing courts, in Ohio, have announced numerous decisions as to what constitutes a chancery case, yet, in our examination of these decisions we have found no fixed and fast rule laid down by which judge or lawyer is able to measure or can determine the exact constituent elements of a chancery case. Each decided case seems to stand alone, and its exact status in this respect is unknown until a court of last resort has determined it. The writer of this opinion sincerely hopes that in the near future some case may find its way to our Supreme Court, in which this question may be presented in such form as to enable that court to lay down a fixed rule as to just what is a chancery case. When this is done it will solve a vexatious legal problem, which has

caused the Courts of Appeals of Ohio, as well as lawyers, much trouble.

The case In Re Estate of Guerna, 111 O. S., 715, is clearly applicable to the present one, and sustains the claim of the motioner. (Shields, J., and Lemert, J., concur.)